# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN SMITH,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 76723

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying Justin Smith's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Relying on NRS 209.4465(7)(b), Smith argues that the district court erred because the credits he earns under NRS 209.4465 must be applied to the minimum term of his sentence, thus advancing the date that he is eligible for parole. We disagree.

NRS 209.4465(7)(b) provides as a general rule that statutory credits apply to the minimum term of a sentence unless the sentencing statute specifies a minimum term that must be served before parole eligibility. *Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d

---

[1]Having considered the pro se brief filed by Smith, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-07790

1260, 1262 (2017) (discussing NRS 209.4465(7)(b)). Smith is correct that the relevant sentencing statute (NRS 200.481(2)(e)(2)) is silent as to parole eligibility. *See id.* at 1263 (considering a similarly worded statute). When an offender has been sentenced under that kind of statute, NRS 209.4465(7)(b) generally provides that statutory credits apply to the minimum term of the sentence. *Id.* at 1263-65. But in 2007, the Legislature adopted several exceptions to that general rule. 2007 Nev. Stat., ch. 525, § 5, at 3177 (amending NRS 209.4665(7) by adding, "*Except* as otherwise provided in subsection 8" (emphasis added), and adopting NRS 209.4665(8)); *see also Williams*, 133 Nev., Adv. Op. 75, 402 P.3d at 1264 n.6 (noting NRS 209.4465(8)'s limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments). The exceptions set forth in NRS 209.4465(8) apply because they took effect *before* Smith committed the offense at issue. *See* 2007 Nev. Stat., ch. 525, §§ 21-22, at 3196.

The district court focused on two of the exceptions in subsection (8): paragraph (a), which excludes any offender convicted of a crime "that is punishable as a felony involving the use or threatened use of force or violence against the victim," and paragraph (d), which excludes any offender convicted of a category B felony. The record before us confirms that Smith was convicted of an offense that fits both of those exceptions: battery with the use of a deadly weapon (a hammer and/or knife) causing substantial bodily harm, which clearly involved the use of force or violence given that battery is by definition the "willful and unlawful *use of force or violence* upon the person of another," NRS 200.481(1)(a) (defining "battery") (emphasis added), and is a category B felony under NRS 200.481(2)(e)(2). Accordingly,

the district court correctly concluded that NRS 209.4465(8) precludes respondent from applying Smith's statutory credits to the minimum term of his sentence. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Linda Marie Bell, Chief Judge
      Justin Smith
      Attorney General/Las Vegas
      Eighth District Court Clerk